IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIBU MEDIA, LLC, a California corporation,

      Plaintiff,

vs.

JOHN DOES 1 through 64,

      Defendants.

No. 2:12-cv-1262 JAM DAD

ORDER AND
FINDINGS AND RECOMMENDATIONS

/

      In this action plaintiff alleges that Doe defendants 1 through 64 infringed on its copyright with respect to a pornographic motion picture, the suggestive title of which is identified in plaintiff's complaint. Specifically, plaintiff alleges that in the course of monitoring Internet-based infringement of its copyrighted content, its agents observed unlawful reproduction and distribution of the subject motion picture by the 64 Doe defendants via the Bit Torrent file transfer protocol. Although plaintiff does not know the names of the Doe defendants, its agents created a log identifying the Doe defendants by IP addresses and the dates and times of their alleged unlawful activity. The IP addresses, internet service providers ("ISPs"), and dates and times of the alleged unlawful activity by the 64 Doe defendants are identified in an exhibit to plaintiff's complaint.

On May 14, 2012, plaintiff filed an ex parte application for expedited discovery to serve Rule 45 subpoenas on the ISPs to obtain the names, addresses, telephone numbers, e-mail addresses and Media Access Control ("MAC") addresses of the Doe defendants. (Doc. No. 4.) On June 28, 2012, the previously assigned Magistrate Judge issued an order granting plaintiff's request. (Doc. No. 7.) On September 21, 2012, counsel for Doe No. 62 filed a motion requesting that the court reconsider the June 28, 2012 order, sever and dismiss all Does other than Doe No. 1, quash all outstanding subpoenas and enter a protective order. (Doc. No. 10.)

However, on October 3, 2012, a related case order was issued relating ten civil actions filed by plaintiff in 2012 in both divisions of this court, all of which named only Doe defendants and involved plaintiff moving for expedited discovery. (Doc. No. 14.) As a result of that order, all of those actions including this one were reassigned to the undersigned Magistrate Judge and to District Judge John A. Mendez.

"[A] district court has the inherent power to revisit its non-final orders, and that power is not lost when the case is assigned mid-stream to a second judge." Dreith v. Nu Image, Inc., 648 F.3d 779, 787-88 (9th Cir. 2011). See also Perry v. Brown, 667 F.3d 1078, 1086 (9th Cir. 2012) ("As a case progresses and circumstances change, a court may sometimes properly revise a prior exercise of its discretion, whether the new order is made by the same judge or another."); City of L.A. v. Santa Monica BayKeeper, 254 F.3d 882, 888 (9th Cir. 2001) (district court is vested with the "power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order."); Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 532-33 (9th Cir. 2000) ("[T]he District Court in its discretion may revisit prior interlocutory decisions entered by another judge in the same case if there are cogent reasons or exceptional circumstances."); United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986) ("All rulings of a trial court are subject to revision at any time before the entry of judgment."). "Generally stated, reconsideration is appropriate where . . . it is necessary to correct clear error or prevent manifest injustice." Cachil Dehe Band of Wintun Indians Cmty. v. California, 649 F.

1  Supp.2d 1063, 1069 (E.D. Cal. 2009) (citing Sch. Dist. No. 1J Multnomah Cnty., Oregon v. AC
2  & S Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). See also Christianson v. Colt Indus. Operating
3  Corp., 486 U.S. 800, 817 (1988); Arizona v. California, 460 U.S. 605, 618 n. 8 (1983).
4        Here, the court has determined that reconsideration of the June 28, 2012 order
5  granting expedited discovery with respect to all 64 Doe defendants is appropriate in order to
6  prevent manifest injustice. In this regard, the undersigned finds that with respect to the requested
7  expedited discovery as to Doe 1, plaintiff has shown good cause to conduct expedited discovery
8  and plaintiff's ex parte application will be granted.[1] With respect to the remaining Doe
9  defendants, however, it appears clear to this court that plaintiff's joinder of unrelated defendants
10 is improper under Federal Rule of Civil Procedure 20. Given the technical complexities of
11 /////
12 /////
13 /////
14 /////
15 /////
16 /////
17 /////
18 /////
19 /////
20 /////
21 /////

---

[1] Plaintiff, however, does not address the relevance of the MAC address or how it will aid plaintiff in discovering the identity of any Doe defendant. Moreover, because plaintiff will be provided with the name, address and email address of Doe 1, the court finds that there is not good cause at this time to authorize plaintiff to obtain the telephone number of Doe 1. Accordingly, the court finds that plaintiff has not shown good cause for an order authorizing the production of the MAC addresses or telephone number of any Doe defendant and plaintiff's request for an order authorizing it to subpoena the MAC addresses or telephone number of any Doe defendant will therefore be denied without prejudice.

BitTorrent swarm functions,[2] it appears unlikely that the 64 Doe defendants engaged in any coordinated effort or concerted activity.  See, e.g., Boy Racer, Inc. v. Does 1-60, No. C 11-01738 SI, 2011 WL 3652521, at *4 (N.D. Cal. Aug. 19, 2011) ("Because Doe defendants 2-60 were improperly joined in the matter, the Court is authorized under Rule 21 to 'drop' these defendants.").  Under these circumstances, permissive joinder under Federal Rule of Civil Procedure 20(a)(2) is not warranted.[3]  See Third Degree Films, Inc. v. Does 1-131, 280 F.R.D.

---

[2] The BitTorrent protocol has been summarized as follows:

> In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."
>
> The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-cv-5865-PSG, 2011 WL 3100404 at *1-2 (N.D. Cal. May 31, 2011).

[3] The court has additional concerns regarding plaintiff's request for expedited discovery.  A great number of similar cases have been filed in the past several months in this and other District Courts, many of which appear to be simply using the federal courts as an avenue to collect money.  As one judge aptly observed:

> The Court is familiar with lawsuits like this one. [Citations omitted.] These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a

4

493, 495- 500 (D. Ariz. 2012) (Surveying the various approaches to such cases and discovery requests taken by district courts around the country, determining that the joinder question should be addressed sua sponte at the outset of the litigation and ultimately dismissing Does 2 through 131 without prejudice and granting the requested expedited discovery only with respect to Doe defendant 1.) Accordingly, the court will authorize expedited discovery only as to Doe 1 and will recommend that the remaining Doe defendants be dismissed without prejudice under Federal Rule of Civil Procedure 21.

Accordingly, IT IS HEREBY ORDERED that:

1. The June 28, 2012 order granting plaintiff's ex parte application and motion for leave to take expedited discovery (Doc. No. 7) is vacated.

2. Plaintiff's ex parte application and motion for leave to take expedited discovery (Doc. No. 4) is granted in part.

3. Plaintiff may immediately serve a Rule 45 subpoena on the ISP Comcast Cable to obtain the following information about the subscriber (defendant Doe 1) corresponding to the

---

> nuisance-value check to the plaintiff.  The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps.  The rewards: potentially hundreds of thousands of dollars.  Rarely do these cases reach the merits.
>
> The federal courts are not cogs in a plaintiff's copyright-enforcement business model.  The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial.  By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement – making this type of litigation less profitable.  If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it.

Malibu Media, LLC v. John Does 1 through 10, No. 2:12-cv-3623-ODW (PJWx), 2012 U.S. Dist. LEXIS 89286 at *8-9 (C.D. Cal. June 27, 2012). See also Malibu Media, LLC v. Does 1-5, No. 12 Civ. 2950(JPO), 2012 WL 2001968 at *1 (S.D. N.Y. June 1, 2012) ("This court shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded."). Here, these concerns find further support in the motion for reconsideration filed on behalf of Doe No. 62.  (Doc. No. 10.)

IP address 24.10.61.66: *name*, *address*, and *e-mail address*.  The subpoena shall have a copy of this order attached.

        4.  The ISP, in turn, shall serve a copy of the subpoena and a copy of this order upon its relevant subscriber within 30 days from the date of service upon it.  The ISP may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service, or by e-mail notice.

        5.  The subscriber and the ISP shall each have 30 days from the respective dates of service upon them to file any motions contesting the subpoena (including a motion to quash or modify the subpoena).[4]  If that period elapses without the filing of a contesting motion, the ISP shall have fourteen (14) days thereafter to produce the information responsive to the subpoena to plaintiff.

        6.  The subpoenaed ISP shall preserve any subpoenaed information pending the production of the information to plaintiff and/or the resolution of any timely-filed motion contesting the subpoena.

        7.  The ISP that receives a subpoena pursuant to this order shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena.

        8.  Any information disclosed to plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting plaintiff's rights as set forth in the Complaint.

---

[4] The subscriber may also, if appropriate, elect to file a motion requesting leave to proceed in this action anonymously.  See Does I Thru XXII v. Advanced Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000) (holding that in "the unusual case" a party "may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."); see also Digital Sin, Inc. v. Does 1-5698, No. C 11-04397 LB, 2011 WL 5362068, at *4-5 (N.D. Cal. Nov. 4, 2011).  Any such motion, however, would be separate and apart from any motion by the subscriber or the ISP contesting the subpoena itself by seeking to quash or modify it.

9.  Plaintiff's request for an order authorizing plaintiff to subpoena the Media Access Control address of any Doe defendant is denied without prejudice.

10.  Plaintiff's request for an order authorizing plaintiff to subpoena the telephone number of any Doe defendant is denied without prejudice.

11.  Plaintiff shall serve a copy of this order on any ISP that plaintiff previously served a Rule 45 subpoena on in this action.  The ISPs, in turn, shall serve a copy of this order upon its relevant subscriber within 14 days from the date of service upon it.  The ISP may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service, or by e-mail notice.

12.  The September 21, 2012 motion for reconsideration and for protective order filed on behalf of Doe No. 62 (Doc. No. 10) is denied as moot.

In addition, IT IS HEREBY RECOMMENDED that Does 2-64 be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1/orders.civil/malibumedia1262.expdisc.f&rs